UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS W. KIBUNGUCHY, | No. 2:20-cv-0574 KJN |
| Petitioner, | |
| v. | ORDER |
| TYLENOL CORPORATION, | |
| Respondent. | |

Petitioner, proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

Petitioner is incarcerated at Atascadero State Hospital in Atascadero, California. In his only claim for relief, petitioner alleges that Dr. McGee is forcing petitioner to take Zyprexa. Elsewhere in the petition, petitioner alleges that he complained to the Department of Health and Human Services regarding the side effects of his medication.

The purpose of a habeas corpus petition pursuant to 28 U.S.C. § 2254 is to challenge the validity of a conviction or sentence. The purpose of a civil rights action pursuant to 42 U.S.C. § 1983 is to challenge conditions of confinement. Because petitioner appears to challenge conditions of confinement, the undersigned construes this action as a civil rights action pursuant to 42 U.S.C. § 1983.

1       The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

      In this case, it appears that petitioner's claims arose in Atascadero, California, which is in San Luis Obispo County. San Luis Obispo County is in the Central District of California. Therefore, petitioner's claims should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

Dated: March 20, 2020

Kibu0574.101a

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE